Porter, J.
delivered the opinion of the court. Both parties in this case claim the premises, under a title originally issued to one Adam Huffman, for a tract of land of twenty arpents front, with the ordinary depth. At his death, a partition of the property, held in community with the widow, took place. By this division, ten arpents of land in front, with forty deep, being part of the above tract, were set aside to the widow; and the remainder, which fell to the portion of the heirs, and which is described in the act of adjudication as "the lower half of a tract whereon Mrs. Huffman now resides, containing ten arpents front, with the ordinary depth of forty," was sold at public auction, to Geo. B. Curtis, under whom the present defendant claims.
It being subsequently discovered, that the *426 tract, originally granted to Huffman, contained more than twenty arpents in front, another sale was made by the court of probates, at the request of the widow and heirs, and the plaintiff became the purchaser of two arpents front, by forty deep, adjoining the lands of Kenneth M'Crummin.
West'n District.
Sept. 1822.
The main, indeed the only question in this case, arises out of the conveyances to Curtis, and to those claiming under him. It is contended by the defendant, that the expressions used in the sale, “the lower half of the tract on which Mrs. Huffman lives, containing ten arpents front, with the ordinary depth of forty,” passed the half of that tract to the purchaser, though it may have contained much more.—While, on the other side it is urged, that the enumeration of the number of arpents shows what the parties understood it to contain—that the particular quantity given must control the description of one half ; and it has been further pressed on us, that, admitting the original purchaser did buy the one-half, the present defendant has not acquired his right to that quantity.
The evidence establishes satisfactorily, that all the right which Curtis had in the property, *427 has been transferred to M'Crummin. It is only necessary, therefore, to examine the question presented by the original conveyance.
It was held by a majority of the court, in the case of Fouchér vs. Macarty, ante 114, that if heirs declare, they intend to sell all the lands of a plantation belonging to their ancestor, and from want of knowlege of the real quantity, describe that plantation to contain 40 arpents in depth, when in truth it had 66, that the intention to dispose of the whole was controlled by an enumeration of what that whole consists ; more particularly, when the evidence was satisfactory that the purchaser had the same belief, with regard to the quantity contained in it.
It is impossible to distinguish this case from that; and we refer to the reasoning used, and the authorities there relied on, as the grounds of our decision in this. It is clear, that the heirs had no knowlege of the tract having more than the number of arpents specified in the original title. The land is inventoried as 800 arpents. On a partition, 10 by 40 is set aside as the widow's half; when appraised, it is stated to be of the superficies already mentioned; and Curtis's belief that he acquired *428 no more, is clearly evidenced by the act of adjudication ; for he did not purchase by any limits, but by a description of 10 arpents front, with the ordinary depth.
The counsel for the defendant read from Pothier, traité de vente, n. 254 & 255, to show that where land is sold per aversionem, if there is a surplus over the quantity given, that it belongs to the vendee. This is true, if the property sold is by certain bounds and limits, or is a distinct and separate object, as a field enclosed, or an island in a river ; because it is presumed, that the object presented to view was that on which the parties formed their estimate; or if described by certain boundaries, that both vendor and purchaser had their attention more fixed on them than an enumeration of quantity. But a description of property, sold by the words "half of a tract of land," without any boundaries, is clearly not within the principle which forms the basis of the doctrine found in that writer; and, if immediately following such vague expressions, there are words giving a certain quantity, that quantity should control them.
The case put in the Digest, liv. 21. tit. 2. liv. 45, to which Pothier refers, is where the *429 seller, in delivering a field said to contain 100 acres, shows to the buyer one the boundaries of which include more. In such case, the buyer acquires all that is delivered to him.
Thomas for the plaintiff, Wilson for the defendant.
As to the line which the surveyor states he found at the depth of 38 arpents, there is no evidence how or when it was run there; or if it was ever consented to by the plaintiff, or those under whom he claims. It is contradicted by the survey of Trudeau, and by every instrument of writing, in virtue of which this land has passed from the grantee to the present defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed—that the plaintiff do recover of the defendant, the land claimed in his petition, and represented in the plat of survey returned in the case, between K B C F, with costs in both courts.